# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DONTE THOMAS,

      Defendant-Appellant.

UNPUBLISHED
August 4, 2015

No. 320405
Wayne Circuit Court
LC No. 13-006679-FC

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

Complainant was assaulted by two men. He testified that, a few days after the crime, he was walking down the street when he saw one of the two men who committed the assault. The individual he identified at that time, and again at trial, was defendant. As there was no circumstantial evidence, the prosecution's case rested wholly on that testimony. Defendant's trial counsel cross-examined complainant, seeking to undermine the reliability of the identification. Counsel did not, however, call an expert witness to testify as to the unreliability of the subject identification or the unreliability of eyewitness identifications in general. Defendant asserts that the failure to do so constituted ineffective assistance of counsel and seeks reversal of his conviction on this basis.

There is now a substantial body of scientific literature demonstrating that eyewitness identifications often lack reliability, even where the witness is subjectively certain of the identification. See *State v Henderson*, 208 NJ 208; 27 A3d 872 (2011).[1] The time has certainly come for criminal defense attorneys to recognize and utilize that science and for our courts to recognize that, in some cases, the failure to offer such expert testimony constitutes ineffective assistance of counsel.

In this case, however, I cannot reach that conclusion. Defendant has neither proffered an affidavit from an eyewitness identification expert nor sought remand to establish the foundation of his claim. As the record stands, we do not know what such an expert would tell a jury, or

---

[1] See also Trenary, *State v Henderson: A Model for Admitting Eyewitness Identification Testimony*, 84 U Colo L Rev 1257 (2013).

even whether there exists an expert who would offer favorable testimony on the facts of this case. Accordingly, I have no basis to conclude that such testimony could have been properly admitted, let alone whether it could have resulted in a reasonable probability that the outcome of defendant's trial would have been different. See *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). In addition, counsel was able to mount a reasonable challenge to the reliability of the subject identification by cross-examining complainant as to the brief time in which he saw his assailant and the fact that his initial description of the assailant was, in some respects, inconsistent with defendant's appearance. These challenges to reliability did not *necessarily* require expert testimony as they were, at least to some degree, understandable by lay jurors. This case did not involve more subtle issues such as potentially prejudicial lineups or positive police feedback as to which a jury might require expert assistance. See MRE 702. Indeed, no lineups were used in this case and the police were not present at the time complainant initially identified defendant as his assailant.

In sum, I agree with defendant that a trial attorney's failure to present expert testimony concerning eyewitness identifications can constitute ineffective assistance of counsel requiring reversal. However, I am unable to reach that conclusion in this case and so concur.


/s/ Douglas B. Shapiro